

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 7, 2018**

**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| Billy E. Burch and Holly R. Burch | § § § § § | Case No. 15-44027 |
| Debtor. | § § § | |
| Bonds Ranch Community Homeowners Association | § § § § | Hearing Date and Time for Motion To Lift Stay: February 7, 2018, 9:30 a.m. |
| Movant. | § § | |

### AGREED ORDER

On January 16, 2018, Bonds Ranch Community Homeowners Association, ("Movant") filed its Motion to Lift Automatic Stay in effect in this case with respect to certain real property in Tarrant County, Texas, owned by Debtors Billy E. Burch and Holly R. Burch with all interested parties in the Bankruptcy having been so notified. The property involved is located at 4216 San Pedro Court, Fort Worth, Texas 76179 (the "Property"). The preliminary hearing on

AGREED ORDER –Billy E. Burch and Holly R. Burch/CASE # 15-44027-mxm13- Page 1

Movant's motion was set for hearing on February 7, 2018 at 9:30 a.m.

The parties have reached an agreement as to the payment by the Debtor of the arrearage due and owing Movant. Based upon that agreement and good cause appearing:

**IT IS THEREFORE ORDERED** that the automatic stay of §362 of the U.S. Bankruptcy Code, presently in effect in this case, be and hereby is modified to except and exclude from the operation of such stay, all rights of Movant with respect to the Property, subject to the following:

1. Movant, upon Debtors' failure to make any of the payments set forth hereinbelow, may from time to time cause the Property to be posted for foreclosure and appropriate notices given and in the event Debtors fail to comply with this Order in any manner, Movant may institute foreclosure proceedings and cause a foreclosure sale to be conducted and completed without further notice (except that which is provided for in Paragraph 5 below), hearing, or order of this Court.

2. Debtors shall pay to Movant the arrearages set out in Paragraph 4 below. Debtors shall also pay to Movant any future assessments or any future special assessments levied pursuant to that certain Declaration of Covenants, Conditions & Restrictions for Bonds Ranch Community Homeowners Association filed of record in Volume 14955 0203, Page 001 of the Deed Records of Tarrant County, Texas (the "Declaration") as set out in Paragraph 4 below.

3. Debtor shall have thirty (30) days from the date this Agreed Order is entered by the Court to provide proof to the Movant that Debtor made a payment, which was not credited towards the Debtor's arrears. In the event that Debtor provides such proof within said thirty (30) day period, Movant will agree to amend this Agreed Order to reflect such payment. All payments should be made payable to **Bonds Ranch Community Homeowners Association,** and mailed to

the address below:

**Riddle & Williams, P.C.**
**Attention Bankruptcy Department**
**3811 Turtle Creek Blvd**
**Suite 500**
**Dallas, Texas 75219**

4. As of January 31, 2018, the pre and the post-petition assessment arrearage (including costs, compliance fines, late fees and Attorney's fees) is Eight Thousand Three Hundred and Sixty Six Dollars and Forty Three Cents ($8,366.43). The association will remove $3,012.28 from the arrears, when payment of $4,661.15 is made no later than 30 days from the filing of this agreement. The remaining balance, once the waiver is applied, of ($693.00) shall be tendered to Movant as follows: 6 monthly installments of $115.50. The first installment to be received by Movant on or before March 15, 2018 with a payment as set forth above to be paid on or before the 15th day of each month thereafter until the balance of the arrearage is paid in full. Debtor shall also timely pay any assessment and special assessments which may be levied after the date of this Agreed Order until the conclusion of this bankruptcy.

5. If any post-petition annual assessment payment, special assessment payment or installment payments set out in Paragraph 4 above are not tendered by the date such payment is due, Movant shall give Debtors written notice of failure by Movant to receive the payment or payments required thereunder, such notice to be sent to the address of the Property and to Debtor's attorney, Haley Heinrich, Leinart Law Firm, 11520 N. Central Expressway, Suite 212, Dallas, Texas 75243, via certified mail, return receipt requested and by first class mail with a copy to the Chapter 13 Trustee in this case. Debtor will have an additional ten (10) days from the date such notice is delivered in which to tender to Movant the payment or payments included

in the notice by certified funds. Where the payment not received by Movant is the annual assessment payment, there will also be due by Debtor any late charge, interest and collection costs provided for in the Declaration. If the payment or payments set out in the ten-day notice are not received on or before the expiration of the ten-day period, the automatic stay shall automatically lift as to Movant without further action by this Court and Movant may proceed to take whatever action is deemed necessary to exercise its remedies, including foreclosing on the Property and taking possession of the Property through forcible detainer proceedings. For purposes of this Paragraph 5, delivery of the required notice is effective upon deposit of same into the care and custody of the United States Postal Service in an envelope properly addressed and with proper postage affixed thereto.

6. Movant shall not be required to send more than three (3) ten-day notices provided in Paragraph 4, and upon the occurrence of the third (3rd) notice of default, the automatic stay shall lift automatically without further opportunity to cure.

7. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrearages due to Movant within 30 days of the date of entry of the Order Converting the case. Should the Debtors fail to timely cure said arrearage, Movant may abandon the terms of this agreement, and the 11 USC §362(a) stay, if any is in effect, shall terminate without further notice or order of the court, and Bonds Ranch Community Homeowners Association shall be free to exercise any rights granted to it by Articles 7 and 8 of the Declaration of Bonds Ranch Community Homeowners Association with respect to the property including, but not limited to, execution of a non-judicial foreclosure sale of the Property.

###END OF ORDER###

APPROVED AS TO FORM AND CONTENT:

/s/ Haley Heinrich
Haley Heinrich
Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243
Telephone: (469) 232-3328
Facsimile: (214) 221-1755
ATTORNEYS FOR DEBTOR

/s/ Jason R. Reed
Jason R. Reed
Riddle & Williams, P.C.
3710 Rawlins Street
Suite 1400 – Regency Plaza
Dallas, Texas 75219
Telephone: (214) 760-6767
Facsimile: (214) 521-4246
ATTORNEYS FOR MOVANT